130

## CIRCUIT COURT OF LOUDOUN COUNTY

Abigail Roberts
and David Roberts

v.

Touchstone
Development Corp. et al.

January 2, 2002

Case No. (Law) 21749

BY JUDGE THOMAS D. HORNE

Lester A. Fettig, Trustee and Assignee for the Touchstone Development Corporation, has filed a petition with the Court to be added as a party to this action and for a continuance. The plaintiffs, Abigail and David Roberts, have heretofore recovered judgment by default against the Touchstone Development Corporation in the amount of $40,527.59. There remain outstanding claims against Lisa A. Fettig and Lester E. Fettig that are currently set for trial on January 30, 2002.

The instant case arises out of a residential construction contract between Touchstone and the plaintiffs. Plaintiffs seek to attach personal liability to the individual defendants based upon theories of conversion and implied contract.

On June 10, 2001, Lester A. Fettig, Lester E. Fettig, and Lisa A. Fettig entered into a Memorandum of Understanding regarding the disposition of a variety of lawsuits arising out of their interests in Touchstone Development Corporation. It was agreed that Lester E. Fettig and Lisa A. Fettig would transfer their interests in the corporation to Lester A. Fettig in exchange for the dismissal of several actions then pending. In addition, Lester A. Fettig, personally and on behalf of the corporation, assumed certain responsibilities towards the defendants during the period of dissolution. The Court approved this settlement agreement on June 21, 2001.

On July 9, 2001, Touchstone Development Corporation appointed its sole remaining shareholder, Lester A. Fettig, as Trustee for the benefit of "claimants or shareholders." Va. Code Ann. § 13.1-750. An attorney licensed to practice in Virginia did not make an appearance on behalf of the Corporation or the Trustee in connection with the filing of the Petition to Add a Party and for a Continuance. Instead, the petition was filed, as noted earlier, by Lester A. Fettig as Trustee and Assignee of the Corporation. In the petition, Mr. Fettig asserted, *inter alia*, that his standing to intervene was predicated upon his contract with the individual defendants and the action of the corporation in designating him as Trustee. As Trustee, he contends he is entitled to bring any such claims in his own name as may be assigned to him by the corporation. Va. Code Ann. §§ 8.01-13, 13.1-750, 13.1-755.

On December 4, 2001, this Court granted leave for Mr. Fettig, as Trustee of the Defendant, to be added as a party to this action. Rule 3:9A, Rules of the Supreme Court of Virginia.

On December 10, 2001, Lester A. Fettig, *pro se*, filed a nine page Cross-Claim and Third-Party Claim, in which he seeks to recover against the plaintiffs and others based upon theories of a misappropriation of corporate funds, conspiracy, and violations of the Rules of Professional Conduct.

Lisa A. Fettig and Lester E. Fettig, by counsel, have asked that the Court reconsider or clarify the previous order permitting the Trustee to be joined as a party. Mr. and Mrs. Roberts have joined in this request. After hearing arguments on the motion for reconsideration and clarification, the Court took the matter under consideration.

Having reviewed the pleadings and considering the arguments and papers filed, the Court is of the opinion that the pleading filed by Lester A. Fettig on December 10, 2001, exceeds the limits of the relief sought in the petition and should be stricken. Should the Trustee elect to file a further pleading consistent with the instant opinion, he is advised that he does so in his fiduciary capacity as trustee for himself as sole shareholder and those having valid claims against the corporation.

Mr. Fettig, personally and as Trustee for Touchstone, assumed responsibilities under the Memorandum of Understanding with the individual defendant. To the extent he has assumed these responsibilities under his agreement with them, he should be, and was, granted leave to be added as a party to this action to protect his rights as applied to the individual defendants.

The Court did not grant either Mr. Fettig or the Trustee the right to assert claims not arising out of the Memorandum. In light of the ruling of the Court, it is unnecessary to determine whether the claims asserted are properly brought

by the Trustee, *pro se*, or should have been initiated in the corporate name by counsel. Va. Code Ann. § 13.1-750

Mr. Fettig, may, on or before January 7, 2001, file an amended pleading consistent with the ruling of the Court. The previous filing will be struck, without prejudice. The individual defendants will be granted until January 14, 2001, to file such response as they may be advised. After such filings, if any, have been made, the Court will determine a proper alignment of the parties.

The motion for a continuance is denied.